IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RUBEN VALDESPINO,

    Plaintiff,

vs.   No. CIV 14-0744 JB/RHS

CONOCO PHILLIPS,

    Defendant.

## INITIAL SCHEDULING ORDER

THIS MATTER will be before me for scheduling, case management, discovery and both non-dispositive and dispositive motions. The Federal Rules of Civil Procedure, as amended, as well as the Local Rules of the Court apply to this lawsuit.

The parties, appearing through counsel or *pro se*, will "meet and confer" no later than **December 5, 2014**, to formulate a provisional discovery plan. FED. R. CIV. P. 26(f). The time allowed for discovery is generally 120 to 150 days. The parties will cooperate in preparing a *Joint Status Report and Provisional Discovery Plan ("JSR")*, which follows the sample JSR available at the Court's web site.[1] The parties shall fill in the blanks for suggested/proposed dates. The Court will determine actual case management dates after consideration of the parties' requests. The Plaintiff, or the Defendant in removed cases, is responsible for filing the JSR by **December 12, 2014**. The parties may not modify case management deadlines on their own. Good cause must be shown, and the Court's express and written approval obtained, for any modification of the dates in the scheduling order that issue from the JSR.

---

[1] Pursuant to Administrative Order No. 06-173, the JSR replaces and supersedes the Provisional Discovery Plan and the Initial Pretrial Report, effective January 2, 2007. Please visit the Court's web site, www.nmcourt.fed.us, to download the standardized *Joint Status Report and Provisional Discovery Plan* form.

Initial disclosures under FED. R. CIV. P. 26(a)(1) shall be made within fourteen (14) days of the meet-and-confer session.

A Rule 16 scheduling conference will be conducted in my courtroom at the Pete V. Domenici United States Courthouse, Vermejo Courtroom (4th Floor), 333 Lomas N.W., Albuquerque, New Mexico, on **December 16, 2014 at 8:45 a.m.**[2]  If all parties agree that a rule 16 scheduling conference is unnecessary, they may submit a Waiver of Rule 16 Scheduling Conference, which must reflect the concurrence of all parties.

At the Rule 16 scheduling conference, counsel will be prepared to discuss discovery needs and scheduling (including electronic discovery), all claims and defenses, the use of scientific evidence and whether a *Daubert*[3] hearing is needed, initial disclosures, and the time of expert disclosures and reports under FED. R. CIV. P. 26(a)(2).  We will also discuss settlement prospects and alternative dispute resolution possibilities, and consideration of consent pursuant to 28 U.S.C. § 636(c).  The parties should also be prepared to discuss the location of the trial; highest consideration will be given to the convenience of the counsel, witnesses, and parties.  The parties and Court will also discuss the jury pool if a jury trial is requested.  Client attendance is not required.

**The parties are reminded of the disclosure requirements in rule 7.1 of the Federal Rules of Civil Procedure:**

---

[2] Counsel may appear by telephone.  Please advise my Courtroom Deputy (348-2289) at least 24 hours before the scheduling conference if any counsel will appear by telephone.  Counsel appearing by telephone are responsible for placing the telephone call to the Court's conference number.

[3] *Daubert v. Merrell Dow Pharmaceuticals*, 509 U. S. 579 (1993).

**(a) Who Must File; Contents.**

**A nongovernmental corporate party must file 2 copies of a disclosure statement that:**

**(1) identifies any parent corporation and any publicly held corporation owning 10% or more of its stock; or**

**(2) states that there is no such corporation.**

**(b) Time to Filing; Supplemental Filing.**

**A party must:**

**(1) file the disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court, and**

**(2) promptly file a supplemental statement if any required information changes.**

**The Court requires strict compliance with this rule, especially with the duty to update disclosures, to help it uncover and assess any potential conflicts of interest.**

If service on all parties is not complete, the Plaintiff(s) appearing through counsel or *pro se* is(are) responsible for notifying all parties of the contents of this order.  Pretrial practice in this cause shall be in accordance with the foregoing.

_____
UNITED STATES DISTRICT JUDGE